Cox *v.* Cutter.

---

WILLIAM COX

*v.*

MARY CUTTER, and others.

Payment of interest on a mortgage for several years to a person who received it from the mortgagor to pay it to the mortgagee, but who was not in fact the mortgagee's agent, and had not the possession of the bond and mortgage, does not authorize the payment of the principal to him, although he had collected and paid to the mortgagee interest on other mortgages.

Bill for relief.   On final hearing.

*Mr. J. A. Stroube*, for complainant.

*Mr. B. A. Vail*, for defendant, Mary Cutter.

THE CHANCELLOR.

The bill is filed to compel the defendant, Mary Cutter, to cancel, on the ground that it has been fully paid, a mortgage given to her by the complainant, in 1864. The loan, which the mortgage was given to secure, was obtained for the complainant from Mrs. Cutter by an attorney-at-law, who paid over the money to the complainant, and received from him the bond and mortgage, which he delivered to Mrs. Cutter, who has held it in her own possession ever since. The complainant paid the interest up to January, 1867, to the attorney, and a year afterwards paid to him the principal, with all interest then due. The attorney did not pay over the principal to Mrs. Cutter. The complainant insists that the payment of January, 1868, was a full discharge of the bond and mortgage. On the other hand, Mrs.

Cox v. Cutter.

Cutter denies that the attorney had authority to receive any money, either principal or interest, on those securities for her. It appears that he paid over to her the interest received from the complainant, and continued, for years after the principal was paid to him, to pay to her money as interest received from the complainant on the mortgage, but concealed from her the fact that he had received the principal. The payments made to her were made at the office of the attorney, to which she would go for the interest, and when it was paid to her, she would endorse it on the bond which she took with her for the purpose. The attorney having failed to make payments for the interest, she sent a message to the complainant requesting him to pay no more interest to the attorney, and was then informed for the first time that the principal had been paid many years previously. There is no evidence that the attorney was her agent to collect or receive the money. It appears that he did not, when any of the payments were made to him, have either the bond or mortgage, and, it may be added, the complainant was aware of that fact. That the attorney had collected and paid over to Mrs. Cutter interest on the bond and mortgage and interest on other mortgages, does not establish his authority to receive, as her agent, principal or interest on the securities in question. *Dunlap's Paley on Agency* 274, 275. Nor is the fact that after the attorney failed to make payments for interest, she requested the complainant to pay him no more interest, evidence of such authority. It may be stated that when the attorney made application to her for the loan, she objected to making it, because of the smallness of the amount; but he overcame the objection by undertaking to see to it that she should have no trouble in collecting the interest, and promised to collect it as it became due, and pay it over to her on her calling at his office for it.

The bill will be dismissed. Mrs. Cutter is entitled to costs.