LOUIS MAYER et al.

*v.*

JAMES MCLAUGHLIN et al.

[Decided October 9th, 1912.]

1. Section 32 of the Mortgage act as revised in 1874 (*Comp. Stat. p. 3418*), declaring that the recording of the assignment of a mortgage shall be notice "to all persons concerned" that said mortgage so assigned, is in force, and has not been repealed by section 53 of the Conveyances act of 1898 (*Comp. Stat. p. 1552*), declaring that the record "*inter alia*" of assignments of mortgages shall be notice to all subsequent judgment creditors, purchasers and mortgagees of the execution of the instrument, and consequently as between the mortgagors and the assignees of a mortgage, the mortgagors must bear the loss occasioned by a mortgagee's misfeasance in receiving payment of installments of the principal together with the interest secured to be paid by a mortgage assigned by him and retaining the installments of principal, and giving the assignees the full amount of interest only on the original principal.

2. Full effect may be given to both provisions. The record of the assignment may have the effect common to all recorded instruments by virtue of section 53 of the act of 1898; that is, it may be notice "to all subsequent judgment creditors, purchasers and mortgagees," and it may, without any necessary incongruity, have the wider effect which it had under section 52 of the Mortgage act, that is, it may be notice "to all persons concerned."

3. The words "all persons concerned" have been held to include mortgagors, on the one hand, and assignees on the other.

*Mr. Edward Q. Keasbey,* for the complainants.

*Mr. James P. Mylod,* for the defendants.

STEVENS, V. C.

This is a foreclosure suit. The defendants executed a mortgage to one Feick on April 28th, 1906, for $6,500. Feick assigned it to complainants. The assignment was recorded on September 7th, 1906. The bond, mortgage and assignment were all delivered to the assignees before any payments were made by the mortgagor. The interest was paid to Feick up to the time of his death, in the year 1911, and Feick transmitted it to the assignees. The mortgagors, from time to time, paid Feick installments of principal aggregating $4,500. Feick retained these latter and gave the assignees instead the full amount of interest on the original principal. The assignees did not authorize Feick to receive the principal and did not know it was being paid. On the other hand, the mortgagors had no notice of the assignment other than the constructive notice arising out of the record. The question is, which of these two innocent parties, the mortgagors or the assignees, shall bear the loss occasioned by Feick's misfeasance.

If section 32 of the Mortgage act, as revised in 1874, is in force, the mortgagors must bear it. If that section has been annulled by the act respecting conveyances (Revision of 1898), then it would seem as if the assignees must do so.

I think, as far as this court is concerned, the case must be ruled by the principle of the decision in *Brown* v. *Harris, 67 N. J. Law (38 Vr.) 207.* The supreme court there had under consideration the same sections of the Conveyances act. Among the instruments that might be recorded pursuant to section 21 of that act were chattel mortgages and assignments of mortgages on real estate. Section 54 provides that every deed or instrument of the nature or description set forth in section 21 shall, until duly recorded, be void and of no effect against *subsequent judgment creditors* without notice, and against all subsequent *bona fide* purchasers and mortgagees not having notice. *Comp. Stat. p. 1553.* The Chattel Mortgage act of 1885 (*Gen. Slat. p. 2113*)

had previously provided that every mortgage or conveyance intended to operate as a conveyance of goods and chattels thereafter made which shall not be accompanied by an immediate delivery, &c., "shall be absolutely void as against *the creditors* of the mortgagor" unless recorded. It will thus be seen that the earlier act made an unrecorded chattel mortgage void as against *all* creditors, whether they had or had not recovered judgments and whether they were or were not subsequent, while the later act confined the effect of not recording to the limited class of subsequent judgment creditors, and yet the supreme court held that the earlier act was still in force as to all creditors.

The present case involves the closely-related subject of notice.

The Conveyances act of 1898 declares, in section 53, that the record (*inter alia*) of assignments of mortgages shall be notice to all subsequent judgment creditors, purchasers and mortgagees of the execution of the instrument and its contents, while section 32 of the Mortgage act of 1874 declares that the recording of the assignment shall be notice *"to all persons concerned"* that said mortgage is so assigned. If the more comprehensive provision in reference to the effect of not recording a chattel mortgage is not, by implication, repealed by section 54, I do not see how the more comprehensive provision in reference to the effect of recording assignments can be repealed by section 53.

The rationale of the decision in *Brown* v. *Harris* appears to be this: implied repealers are not favored. *Hotel Registry Corporation* v. *Stafford, 70 N. J. Law (41 Vr.) 536.* A repealer is less readily implied in the case of a revision or compilation than in the case of a subsequent statute, which, standing by itself, appears to formulate a complete scheme covering the subject-matter of the earlier act. *Haynes* v. *Cape May, 52 N. J. Law (23 Vr.) 180, 182; De Ginther* v. *New Jersey Home, 53 N. J. Law (29 Vr.) 358.* Only a part of the statutory law regulating chattel mortgages was the subject of revision in the Conveyances act. What was apparently intended by section 54 was to give to the failure to record the entire and somewhat heterogeneous group of instruments brought together in section 21, an uniform effect, leaving to the non-record of particular members of that group that further and wider effect which prior legislation had ascribed to it.

If such be the rationale of the case cited, it is directly applicable to the present case. The revision of the Conveyances act of 1898 does not deal with the whole subject of mortgages of realty any more than it deals with the whole subject of chattel mortgages. There is no necessary inconsistency between giving to the recording of the numerous instruments mentioned in section 21, a like effect as notice, up to a certain point, with a view to uniformity as far as uniformity is desirable, and leaving to the record of one or more of the group that further effect which they had as the result of prior statutory enactment. The question is one only of legislative intent. Does or does not the affirmative prescription that the recording shall be notice to the classes of persons named contain a further *implied* prescription that it shall *not* be notice to any others; that it shall *not* be notice to those to whom the legislature had already said it should be notice? *Ruckman* v. *Ransom, 35 N. J. Law (6 Vr.) 565,* bears upon this question. There an earlier statute had required an arbitrator to be sworn before a justice of the peace. A later act (that of 1839) provided that all oaths called for by any statute might be taken before certain enumerated officers, among whom were masters in chancery. In the revision of the Arbitration act, made in 1846, it was in sections 4 and 6 provided that the referee or arbitrator should take an oath, "which oath * * * any judge of any court of record or any justice of the peace is hereby authorized and required to administer." The court of errors and appeals held that notwithstanding the wording of this revision it did not imply a negative, and that an oath taken before a master was sufficient. Chief-Justice Beasley said: "In the present instance there is obviously no repugnancy. The original act authorizes the oath of the arbitrators to be taken before a particular officer. The act of 1839 extends the authority to a class of officers. Here is not even an incongruity; full effect can be given to both provisions." In the same way full effect may be given to both provisions here. The record of the assignment may have the effect common to all recorded instruments by virtue of section 53 of the act of 1898—that is, it may be notice "to all subsequent judgment creditors, purchasers and mortgagees," and it may, without any necessary incongruity, in ad-

dition, have the wider effect which it had under section 32 of the Mortgage act; that is, it may be notice "to all persons concerned."

As the later provision requiring the arbitrator's oath to be administered by a judge or justice did not, by implication, nullify the earlier one; so, by parity of reasoning, the later declaration that the record should be notice to subsequent judgment creditors, purchasers and mortgagees, did not, by implication, prevent the recording from being notice to "all persons concerned."

The words "all persons concerned" have been held to include mortgagors on the one hand (*Emery* v. *Gordon, 33 N. J. Eq. (6 Stew.) 448*) and assignees on the other. *Mott* v. *Newark German Hospital, 55 N. J. Eq. (10 Dick.) 722.*

The question is, no doubt, a very close one, and so important, in its effect on titles, that it should be set at rest by the court of last resort.