WILLIAM WORKMAN, respondent,

*v.*

CLARENCE A. EYLER et al., appellants.

[Decided February 1st, 1923.]

On appeal from a decree of the court of chancery advised
by Vice-Chancellor Leaming, who filed the following opin-
ion:

"The decisions of our court of errors and appeals in *Lawson* v. *Nicholson, 52 N. J. Eq. 821; Steadman* v. *Foster, 83 N. J. Eq. 641,* and *Dorman* v. *West Jersey Title and Guar. Co., 105 Atl. Rep. 195,* are clearly conclusive to the effect that when a mortgagee places his bond and mortgage in the hands of an attorney-at-law for the purpose of enabling the attorney to collect the interest at the recurring interest-paying periods, such act and the subsequent collection of the interest by the attorney neither clothe the attorney with authority to receive the principal nor cancel the securities; nor do such acts create an estoppel against the mortgagee in favor of a mortgagor who makes payment of the principal to such attorney.

"In *Lawson* v. *Nicholson, supra,* the securities had come to the possession of the attorney without the sanction of the mortgagee; but touching that circumstance the opinion of the appellate court proceeds as follows: 'Therefore, in the present case, if these securities had been confided to this man Leslie (the collecting attorney) in such form that, without any misconduct on his part, it would have been in his power to manifest his possession of them, such unconditioned fact would have offered not the least ground for the inference of an agency to cancel them on the receipt of the money due.' In *Steadman* v. *Foster, supra,* the payment to the attorney, who had been theretofore acting for the mortgagee in the collection of the interest payments on the mortgage, was for only a portion of the principal. It was there held that an agency of an attorney to collect interest for the mortgagee does not include an agency to receive all or any part of the principal. In the opinion of the appellate court the rule is stated as follows: 'The practice of permitting attorneys-at-law to receive and give acquittances for interest payments is common; but the habitual payment of interest to an attorney-at-law, who in turn remits it to the mortgagee, does not establish his authority to receive the principal or any part thereof, especially when he has not the custody of the papers. *27 Cyc. 1389; Cox* v. *Cutter, 28 N. J. Eq. 13.*

Nor does it amount to a holding out of the attorney as agent so as to create any estoppel against the mortgagee. *Lawson v. Nicholson, 52 N. J. Eq. 821.* In *Dorman* v. *West Jersey Title and Guar. Co. (Court of Errors and Appeals), 105 Atl. Rep. 195,* the two cases above referred to are cited with approval, and in adopting the substance of the language above quoted from *Steadman* v. *Foster,* the reference there made to the attorney not having possession of the securities is omitted.

"In all these cases it is held that the possession of the securities by the attorney and the collection of the interest by him do not justify the inference of an agency to collect the principal or cancel the securities on receipt of the principal, and subject to that defined rule of evidence the inquiry is purely one of fact as to whether the evidence justifies a finding that the authority conferred upon the attorney included authority to receive the principal and cancel the securities.

"In the present case the mortgagee has testified that he left the securities with the attorney, who placed the loan for him and authorized the attorney to collect and remit the interest; that he at no time authorized the attorney to collect the principal; that the attorney promptly forwarded the interest to him at each interest period, less a charge of five per cent. for services, until the decease of the attorney, when he first learned that the principal of the mortgage had been paid to the attorney and that the mortgage had been canceled of record by the attorney some nine years before that time. A searching and exhaustive cross-examination of the mortgagee failed to unsettle this testimony to the effect above stated. A very natural suspicion existed in the mind of the attorney who cross-examined the mortgagee that the mortgagee's persistent discrimination between authority to receive interest and authority to receive principal was wholly the product of his present interests, and it may not be inappropriate to say that the court has not been free from a similar suspicion; but obviously it is not the privilege of

the court to refuse to accept the mortgagee's sworn statements to the effect named in the absence of some circumstances affording adequate justification for that course. I am unable to find that justification. A mere suspicion is not adequate. Indeed the suspicion already referred to was measurably allayed when the mortgagee stated that he had always supposed it was necessary for him to sign something when his mortgage was paid off.

"The evidence disclosed that the mortgagee filed a claim against the estate of the deceased attorney before this suit for the reinstatement of the mortgage was brought. In *Steadman* v. *Foster, supra,* that is held to be no bar to a claim of this nature. The decree herein may require the assignment of that claim to defendant.

"I will advise a decree reinstating the canceled securities."

*Messrs. Bleakly & Stockwell,* for the respondent.

*Messrs. Westcott & Weaver,* for the appellants.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Leaming.

*For affirmance* — THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, ACKERSON, VAN BUSKIRK—13.

*For reversal*—None.