Complainants brought this bill to foreclose two mortgages, aggregating $3,000 on the property of defendants. Complainants were assignees of these mortgages and their assignments were duly recorded, thereby giving constructive notice to the defendants that they were the owners thereof. Mayer v. McLaughlin,80 N.J. Eq. 342. In this proceeding defendants claim that they are entitled to be credited in the sum of $1,500 on account of the principal of the two mortgages because of certain partial payments made by them at various times. These payments were made to one Scott to whom also payments of interest were made on the mortgages as they became due. He never reported or paid over the sums received on account of principal, but paid to complainants the interest in full on the $3,000, even though defendants from time to time reduced the sums paid as interest in accordance with the supposed balance of principal due. Scott had authority to receive interest payments from the defendants, but complainants disclaim any authority conferred on him *Page 348 
to receive any payment on account of principal and assert their right to collect the full sum of $3,000.
The law seems well settled that no authority to receive payments on account of principal can be implied from the existence of an agency to receive interest. The court of errors and appeals in Steadman v. Foster, 83 N.J. Eq. 641, where the facts were almost identical with those here, said at page 643:
"It is further claimed that the evidence showed that Feick was authorized to receive payments of principal as Mrs. Steadman's agent; but this claim cannot be supported. The practice of permitting attorneys-at-law to receive and give acquittances for interest payments is common; but the habitual payment of interest to any attorney-at-law who in turn remits it to the mortgagee, does not establish his authority to receive the principal or any part thereof, especially when he has not the custody of the papers. 27 Cyc. 1389; Cox v. Cutter, 28 N.J. Eq. 13. Nor does it amount to a holding out of the attorney as agent so as to create any estoppel against the mortgagee. Lawson v.Nicholson, 52 N.J. Eq. 821."
The rule of Steadman v. Foster was followed and applied by the court of errors and appeals in Workman v. Eyler, 94 N.J. Eq. 526.
Although the defendants apparently acted in good faith in making payments on account of principal to Scott, under the circumstances shown here, the law places the burden of bearing the loss upon them, and accordingly they must pay the full amount of the principal sums due on the two mortgages. *Page 349